## No. 72

### SCHAFFER v. SCHAFFER

Ohio Appeals, 2nd Dist., Montgomery Co.

No. 748.  Decided Dec. 28, 1926

941.  PRACTICE & PROCEDURE—1.  An order made after petition in error was filed cannot be reviewed under the petition in error filed before the order was made.

2.  Amended petition in error may be filed without leave of Court within 70 days after said order.

BY THE COURT.

This case wa ssubmitted on motion to strike the petition in error from the files because it was not filed within 70 days after the order sought to be reviewed.

The petition in error was filed Aug. 3, 1926. This was more than 70 days after any previous order had been made by the court. It is calimed, however that on Nov. 12, 1926 another order was made, but it is evident that such order cannot be reviewed under the petition in error filed before the order was made. Consequently the motion must be sustained and the petition in error stricken from the files.

It is not necessary to grant leave to file an amended petition in error as plaintiff-in-error has a right, without leave of Court, to file a petition in error within 70 days after the order of November 12th.  Such petition in error if filed, should be filed under a new number and a new summons should be issued and served as provided by law.

Motion sustained.

Attorneys—L. E. Speer for plaintiff in error; Daniel Nevins for defendant in error; both of Dayton.

----

## No. 73

### CLEVELAND RY. CO. v. ARRISON

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 6916.  Decided Dec. 6, 1926

208.  CARE—It is the duty of a railroad company to provide a safe place for passengers to alight; but there is no duty upon it to warn of automobiles that might be violating the rules of the road, causing injury to a passenger who is in the act of alighting or just has alighted.

VICKERY, J.

This action was brought in the Cuyahoga Common Pleas by Herman C. Arrison to recover damages for injuries received just after alighting from a street car.  The accident occurred at the intersection of two main thoroughfares and was caused by an automobile which was traveling upon the wrong side of the road, striking Arrison.  At the end of Arrison's testimony the Railroad Company asked for a directed verdict which was denied by the trial court and the jury returned a judgment of $500 in favor of Arrison.  Error was prosecuted to reverse the lower court and the Court of Appeals held:

1.  The doctrine that a railroad company must provide a safe landing place for passengers does not extend their care to a point that they have to warn alighting passengers of people who are violating the rules of the road.

2.  As there is no negligence imputed to the Railway Co. the judgment should be reversed and entered in favor of the Company.

Judgment reversed.

(Cushing, J., 1st Dist., concurs.)

Attorneys—Squire, Sanders & Dempsey for Company; C. T. Rich for Arrison; all of Cleveland.

----

## No. 74

### MOSER v. BASSETT

Ohio Appeals, 6th Dist., Lucas Co.

No. 1759.  Decided Jan. 10, 1927

355.  DAMAGES—When a decree of ejectment is rendered, it is error for a court not to allow damages for a reasonable use and rental of the property while defendant was in wrongful possession.

WILLIAMS, J.

Mary Moser brought this action in the Lucas Common Pleas by way of ejectment, seeking to recover possession of certain premises and damages for withholding same.  Solomon Bassett by way of answer set up a written agreement of purchase under which he claimed possession.  By way of cross petition Bassett asked that he be adjudged the rightful owner and compelling a decree of specific performance of the land contract.

A jury was waived and upon issues joined a judgment was rendered for Moser in so far as ejectment was concerned but no damages were allowed.  Moser then brought this proceeding in error claiming that the lower court should have rendered her damages, the court of Appeals held:—

1.  By the judgment of ouster the court adjudged the holding of Bassett to be wrongful.

2.  The trial court erred, therefore, in refusing to allow Moser any damages because Bassett was in possession several months and Moser is entitled to a reasonable rental for this period.

Judgment reversed as to denial of damages.

(Culbert & Richards, JJ., concur.)

Attorneys—Lee M. Schminck for Moser; Johnson, Johnson & Farber for Bassett; all of Toledo.